UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY A. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1813 RWS |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's post-dismissal motion to amend his complaint. For the reasons outlined below, the Court will deny plaintiff's motion.

### Background

On October 27, 2014, plaintiff filed the instant action, invoking the jurisdiction of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, seeking to have this Court declare that pursuant to the Supreme Court case of *Powers v. Ohio*, 499 U.S. 400 (1991), he should be allowed to bring a declaratory judgment on behalf of an alternative juror who was excluded from the jury at his criminal trial, to assert race discrimination rights on her behalf, and thus, raise a collateral attack on his own criminal conviction.

The Court found that plaintiff was not entitled to seek a declaratory judgment determination as to the validity of the judgment under which he was confined. *See, e.g., Waldon v. State of Iowa*, 323 F.2d 852 (8th Cir. 1963); *Christopher v. State of Iowa*, 324 F.2d 180 (1963); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post-conviction remedies."). The Court noted that

any review of plaintiff's conviction would have to be limited to habeas corpus. Thus, plaintiff's action was dismissed, without prejudice, on January 15, 2015.

## Discussion

Plaintiff seeks to amend his complaint to "show this Honorable Court that there exists 'substantial controversy between the parties herein having adverse legal interests.'" He claims that he has "determined that the state court judge and a state court prosecutor have abused the discretion that Missouri law confers on them in the selection procedures on the jury venire."

The aforementioned reasons proffered by plaintiff do not provide a legitimate reason to amend this declaratory judgment action after dismissal of plaintiff's complaint. As noted above, plaintiff cannot attack his criminal conviction through such collateral means. If he wishes to attack his criminal conviction, he must pursue his remedies through post-conviction means or through habeas corpus. Neither civil rights actions, nor declaratory relief complaints will suffice to bring plaintiff the relief he is seeking.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion to amend his complaint [Doc. #11] is **DENIED**.

Dated this 28th day of January, 2015.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE