# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY A. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1813 RWS |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for reconsideration of the dismissal of this action. For the reasons outlined below, the Court will deny plaintiff's motion.

### Background

On October 27, 2014, plaintiff filed the instant action, invoking the jurisdiction of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, seeking to have this Court declare that pursuant to the Supreme Court case of *Powers v. Ohio*, 499 U.S. 400 (1991), he should be allowed to bring a declaratory judgment on behalf of an alternative juror who was excluded from the jury at his criminal trial, to assert race discrimination rights on her behalf, and thus, raise a collateral attack on his own criminal conviction.

The Court found that plaintiff was not entitled to seek a declaratory judgment determination as to the validity of the judgment under which he was confined. *See, e.g., Waldon v. State of Iowa*, 323 F.2d 852 (8th Cir. 1963); *Christopher v. State of Iowa*, 324 F.2d 180 (1963); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post-conviction remedies."). The Court noted that

any review of plaintiff's conviction would have to be limited to habeas corpus. Thus, plaintiff's action was dismissed, without prejudice, on January 15, 2015.

On January 26, 2015, plaintiff filed a motion to amend his complaint, seeking leave to "show this Honorable Court that there exists 'substantial controversy between the parties herein having adverse legal interests.'" He claimed that he had "determined that the state court judge and a state court prosecutor abused the discretion that Missouri law confers on them in the selection procedures on the jury venire." The Court denied plaintiff's motion to amend his complaint, again finding that plaintiff could not attack his criminal conviction through collateral means. Plaintiff was advised that if he wished to attack his criminal conviction, he needed to pursue his remedies through post-conviction means or through habeas corpus.

## Discussion

In the instant motion for reconsideration of the dismissal, plaintiff asserts that this Court should have characterized his civil rights action as a habeas corpus action. Plaintiff appears to be making this argument because he disagrees with being charged the full $350 filing fee which corresponds with the filing of civil rights actions, rather than the $5 filing fee which corresponds with the filing of habeas corpus actions.

The Court disagrees with plaintiff's assertions. Plaintiff was the master of his own complaint. He titled this action, "Petition for Declaratory Judgment and Injunctive Relief." He asserted in his opening paragraph that he wanted his complaint brought pursuant to Federal Rules of Civil Procedure 57 and 65, which relate to default judgments and injunctions. In the paragraph where he pled jurisdiction and venue, plaintiff asserted that his case was authorized by federal question jurisdiction, 28 U.S.C. § 1331, as well as civil rights jurisdiction, 28 U.S.C. §

1343. He additionally related that he was seeking declaratory relief under 28 U.S.C. §§ 2201 and 2202.

Conspicuously absent from plaintiff's pleading was any reference to habeas corpus relief, which should have been brought pursuant to 28 U.S.C. § 2254. In fact, this Court pointed out in several of its orders to plaintiff that, "Neither civil rights actions, nor declaratory relief complaints will suffice to bring plaintiff the relief he is seeking." Rather, he would have to "pursue his remedies through habeas corpus." Plaintiff did not at any time ask that this Court provide him with a court-form so that he could file an application to proceed in habeas corpus. And plaintiff was well aware of how to seek relief under the habeas corpus statute, as he had sought such relief in this Court before on this same conviction. *See Hill v. Gammon*, 4:96CV2510 CEJ (E.D.Mo. 2000).[1] Thus, his claim, brought more than a year later, that the Court should have sua sponte transformed his case to a second or successive habeas corpus action so he could avoid paying a full civil filing fee of $350 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [Doc. #14] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 8th day of April, 2016.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[1] The Eighth Circuit denied plaintiff's request for a certificate of appealability on May 19, 2000.